UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

    Plaintiff,

-against-

EDDIE SHORE,

    Defendant.

JUDGE SAND

Case No.:

**07 CV 3604**

COMPLAINT (to Enforce Payment From Produce Trust)

D'ARRIGO BROS. CO. OF NEW YORK, INC. (hereinafter referred to as "D'ARRIGO" or "plaintiff"), for its complaint against defendant, alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

### PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, EDDIE SHORE (hereinafter referred to as "SHORE" or "defendant"), upon information and belief, is a New Jersey corporation with a principal place of business at P.O.

1

Box 503, South River, New Jersey, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5. At all times hereinafter mentioned, the defendant was a dealer and commissioned merchant and subject to and licensed under the provisions of the PACA as a dealer and commissioned merchant.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

7. Plaintiff sold and delivered to defendant, in interstate commerce, $22,925.00 worth of wholesale quantities of produce.

8. Defendant has failed to pay for the produce when payment was due, despite repeated demands and presently owes plaintiff $22,925.00.

9. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

10. Plaintiff preserved its interest in the PACA trust in the amount of $22,925.00 and remains a beneficiary until full payment is made for the produce.

11. The defendant is experiencing severe cash flow problems and is unable to pay plaintiff for the produce plaintiff supplied.

12. The defendant's failure and inability to pay shows that the defendant is failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

## COUNT 1 AGAINST DEFENDANT
## (FAILURE TO PAY TRUST FUNDS)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure of defendant to make payment to plaintiff of trust funds in the amount of $22,925.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $22,925.00 to plaintiff.

## COUNT 2 AGAINST DEFENDANT
## (FAILURE TO PAY FOR GOODS SOLD)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendant failed and refused to pay plaintiff $22,925.00 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $22,925.00 against the defendant.

## COUNT 3 AGAINST DEFENDANT
### (INTEREST AND ATTORNEY'S FEES)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. As a result of defendant's failure to make full payment promptly of $22,925.00, plaintiff has lost the use of said money.

19. As a further result of defendant's failure to make full payment promptly of $22,925.00, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant to comply with their statutory duties.

WHEREFORE, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

Dated this 30th day of April, 2007.

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____
LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\EddieShore\Complaint.PACA.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

          Plaintiff,

  -against-                               CASE NUMBER:

EDDIE SHORE,

          Defendant.

Pursuant to Rule 7 of the Local Rules of the U.S. District Court for the Southern and Eastern Districts of New York and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for **Plaintiff** (A private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held.

**NONE**

Date:  Westbury, New York
       April 30, 2007

                                                            KREINCES & ROSENBERG, P.C.

                                                 By: _____
                                                    LEONARD KREINCES (LK/6524)
                                                      Attorneys for Plaintiff
                                                      900 Merchants Concourse, Suite 305
                                                      Westbury, New York 11590
                                                      (516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\EddieShore\Rule 7.frm