# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for use of the Clerk of the Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| D'ARRIGO BROS. CO. OF NEW YORK, INC. | EDDIE SHORE |

| ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| KREINCES & ROSENBERG, P.C.<br>900 MERCHANTS CONCOURSE<br>WESTBURY, NEW YORK 11590<br>(516) 227-6500 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Action pursuant to the Perishable Agricultural Commodities Act 7 USC §499 (e)(c) for the enforcement of trust benefits.

Has this or a similar case been previously filed in SDNY at anytime? No [X]  Yes [ ]  Judge Previously Assigned _____

If yes, was this case  Vol. [ ]  Invol. [ ]   Dismissed, No [ ]   Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [X] IN ONE BOX ONLY)

## NATURE OF SUIT

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGEMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS**

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 R.R. & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 730 LABOR/MGMT. DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**ACTIONS UNDER STATUTES**

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC(405(g))
- [ ] 863 DIWW(405(g))
- [ ] 864 SSID TITLE REPORTING
- [ ] 865 RSI(405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [X] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL XVI MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____  OTHER _____

Check YES only if demanded in complaint

JURY DEMAND: [X] YES  [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE: _____  DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY) **ORIGIN**

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify Dist.) _____
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN X IN ONE BOX ONLY) **BASIS OF JURISDICTION**

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY →

IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**
(Place an [x] in one box for Plaintiff and one box for Defendant)

|   | PTF | DEF |   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF'S ADDRESS AND COUNTY (Calendar Rule 4(A))

D'ARRIGO BROS. CO. OF NEW YORK, INC.
315 NYC Terminal Market
Bronx, New York 10474
County of Bronx

DEFENDANT'S ADDRESS AND COUNTY (Calendar Rule 4(A))

EDDIE SHORE
P.O. Box 503
South River, NJ 08882

DEFENDANT'S ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE CLASSIFIED:
- [ ] Expedited
- [x] Standard
- [ ] Complex
- [ ] Unknown

Check one: THIS ACTION SHOULD BE ASSIGNED TO :
- [ ] WHITE PLAINS
- [x] FOLEY SQUARE

(DO NOT check either box if this is a PRISONER PETITION.)

DATE: April ___, 2007
SIGNATURE OF ATTORNEY OF RECORD
/s/ LEONARD KREINCES, ESQ.

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo _6_ Yr _60_)
Attorney Bar Code # LK-6524

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

James M. Parkison, Clerk of Court by _____ Deputy Clerk, DATED

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\EddieShore\Civil Cover Sheet.frm

# United States District Court
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SAND

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                Plaintiff,

SUMMONS IN A CIVIL ACTION

-against-

Case No.:

EDDIE SHORE

                Defendant.

**07 CV 3604**

TO: (Name and Address of Defendant)
EDDIE SHORE
P.O. Box 503
South River, New Jersey 08882

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFFS' ATTORNEYS: (name and address)
**KREINCES & ROSENBERG, P.C.**
900 Merchants Concourse
Westbury, New York 11590
(516) 227-6500

an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON           MAY 0 7 2007
CLERK                                   DATE

*Melanie L. Lopez*
BY DEPUTY CLERK

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\EddieShore\Summons.frm

# RETURN OF SERVICE

Service of the Summons and Complaint was made by me[1]    Date: _____

_____    Title: _____
Name of Server

Check one box below to indicate appropriate method of service

☐    Served personally upon the defendant. Place where served: _____
_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____
   _____

☐    Returned unexecuted: _____
   _____
   _____

☐    Other (specify): _____
   _____
   _____

## STATEMENT OF SERVICE FEES

TRAVEL:         SERVICES:         TOTAL:

_____   _____   _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
         Date               Signature of Server

                            _____
                            Address of Server

                            _____

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                Plaintiff,

-against-

EDDIE SHORE,

                Defendant.

JUDGE SAND

Case No.:

**07 CV 3604**

COMPLAINT (to Enforce Payment From Produce Trust)

FILED MAY 8 2007 U.S.D.C. S.D. N.Y. CASHIERS

D'ARRIGO BROS. CO. OF NEW YORK, INC. (hereinafter referred to as "D'ARRIGO" or "plaintiff"), for its complaint against defendant, alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

## PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, EDDIE SHORE (hereinafter referred to as "SHORE" or "defendant"), upon information and belief, is a New Jersey corporation with a principal place of business at P.O.

1

Box 503, South River, New Jersey, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5. At all times hereinafter mentioned, the defendant was a dealer and commissioned merchant and subject to and licensed under the provisions of the PACA as a dealer and commissioned merchant.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

7. Plaintiff sold and delivered to defendant, in interstate commerce, $22,925.00 worth of wholesale quantities of produce.

8. Defendant has failed to pay for the produce when payment was due, despite repeated demands and presently owes plaintiff $22,925.00.

9. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

10. Plaintiff preserved its interest in the PACA trust in the amount of $22,925.00 and remains a beneficiary until full payment is made for the produce.

11. The defendant is experiencing severe cash flow problems and is unable to pay plaintiff for the produce plaintiff supplied.

12. The defendant's failure and inability to pay shows that the defendant is failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

## COUNT 1 AGAINST DEFENDANT
### (FAILURE TO PAY TRUST FUNDS)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure of defendant to make payment to plaintiff of trust funds in the amount of $22,925.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $22,925.00 to plaintiff.

## COUNT 2 AGAINST DEFENDANT
### (FAILURE TO PAY FOR GOODS SOLD)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendant failed and refused to pay plaintiff $22,925.00 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $22,925.00 against the defendant.

## COUNT 3 AGAINST DEFENDANT
### (INTEREST AND ATTORNEY'S FEES)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. As a result of defendant's failure to make full payment promptly of $22,925.00, plaintiff has lost the use of said money.

19. As a further result of defendant's failure to make full payment promptly of $22,925.00, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant to comply with their statutory duties.

WHEREFORE, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

Dated this 30th day of April, 2007.

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____
LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\EddieShore\Complaint.PACA.wpd

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                Plaintiff,

-against-                          CASE NUMBER:

EDDIE SHORE,

                Defendant.

---

Pursuant to Rule 7 of the Local Rules of the U.S. District Court for the Southern and Eastern Districts of New York and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for **Plaintiff** (A private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held.

**NONE**

Date: Westbury, New York
April 30, 2007

                                        KREINCES & ROSENBERG, P.C.

                                        By: _____
                                        LEONARD KREINCES (LK/6524)
                                        Attorneys for Plaintiff
                                        900 Merchants Concourse, Suite 305
                                        Westbury, New York 11590
                                        (516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\EddieShore\Rule 7.frm