UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                Plaintiff,                Case No.: 07 CV 3604 (LBS/DFE)

  -against-                         **AMENDED COMPLAINT (to Enforce Payment From Produce Trust)**

EDDIE SHORE INC. d/b/a BOTNICK PRODUCE,
DOUGLAS BOTNICK and STEPHEN BOTNICK,

                Defendant.



RECEIVED JUN 12 2007 U.S.D.C. S.D.N.Y. CASHIERS

D'ARRIGO BROS. CO. OF NEW YORK, INC. (hereinafter referred to as "D'ARRIGO" or "plaintiff"), for its complaint against defendant, alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

### PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, EDDIE SHORE, INC. d/b/a BOTNICK PRODUCE (hereinafter referred

1

to as "SHORE" or "defendant"), upon information and belief, is a New Jersey corporation with a principal place of business at 10 Grant Street South River, New Jersey 08882, and was at all times pertinent herein, a dealer and commission merchant and subject to and licensed under the provisions of the PACA as a dealer and commission merchant.

5. The defendant, DOUGLAS BOTNICK, is a principal officer, director and shareholder of EDDIE SHORE INC. d/b/a BOTNICK PRODUCE and was the conscious moving force concerning the operations of that corporation.

6. The defendant, DOUGLAS BOTNICK, directed all of the activities and operations of SHORE.

7. The defendant, STEPHEN BOTNICK, is a principal officer, director and shareholder of EDDIE SHORE INC. d/b/a BOTNICK PRODUCE and was the conscious moving force concerning the operations of that corporation.

8. The defendant, STEPHEN BOTNICK, directed all of the activities and operations of SHORE.

## GENERAL ALLEGATIONS

10. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

11. Plaintiff sold and delivered to defendant, in interstate commerce, $22,925.00 worth of wholesale quantities of produce.

12. Defendant has failed to pay for the produce when payment was due, despite repeated demands and presently owes plaintiff $22,925.00.

13. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

14. Plaintiff preserved its interest in the PACA trust in the amount of $22,925.00 and remains a beneficiary until full payment is made for the produce.

15. The defendant is experiencing severe cash flow problems and is unable to pay plaintiff for the produce plaintiff supplied.

16. The defendant's failure and inability to pay shows that the defendant is failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

### COUNT 1 AGAINST DEFENDANT SHORE
### (FAILURE TO PAY TRUST FUNDS)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. The failure of defendant to make payment to plaintiff of trust funds in the amount of $22,925.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $22,925.00 to plaintiff.

## COUNT 2 AGAINST DEFENDANT SHORE
### (FAILURE TO PAY FOR GOODS SOLD)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendant failed and refused to pay plaintiff $22,925.00 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $22,925.00 against the defendant.

## COUNT 3 AGAINST DEFENDANT SHORE
### (INTEREST AND ATTORNEY'S FEES)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. As a result of defendant's failure to make full payment promptly of $22,925.00, plaintiff has lost the use of said money.

23. As a further result of defendant's failure to make full payment promptly of $22,925.00, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant to comply with their statutory duties.

## COUNT 4 AGAINST DOUGLAS BOTNICK
### (FAILURE TO PAY TRUST FUNDS)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. The defendant, DOUGLAS BOTNICK, is personally responsible to pay all sums due to the plaintiff.

## COUNT 5 AGAINST STEPHEN BOTNICK
## (FAILURE TO PAY TRUST FUNDS)

26.  Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

27  The defendant, STEPHEN BOTNICK, is personally responsible to pay all sums due to the plaintiff.

WHEREFORE, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

Dated this 11th day of June, 2007.

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____

LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\EddieShore\Complaint.Amended.wpd